68  664
70  167

JAMES B. DEAN, PLAINTIFF IN ERROR, v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON, DEFENDANT IN ERROR.

Submitted December 9, 1902—Decided March 2, 1903.

1. The conclusion reached by the Supreme Court in its opinion in this case, reported in *Dean* v. *Paterson*, 38 *Vroom* 199, is approved by this court.
2. The finding by a Circuit Court or Court of Common Pleas that an assessment for benefits has been made according to the peculiar benefits received by the property assessed, will not be reversed in the Supreme Court or this court, if there be evidence from which the court so confirming the assessment could so find.
3. The finding by the confirming court that the assessment has been laid according to the peculiar benefits received, is the finding of a fact and will not be reviewed here if the record shows any proof to sustain it.

On error to the Supreme Court. For opinion of that court, see 38 *Vroom* 199.

For the plaintiff in error, *Francis Scott* and *Edward F. Merrey*.

For the defendant in error, *Michael Dunn*.

The opinion of the court was delivered by

·FORT, J. The opinion of Mr. Justice Hendrickson, in the Supreme Court in this case, is a clear and correct enunciation of the legal principles applicable to this cause, and it might very properly be affirmed upon that opinion. It will be unnecessary to refer to any matter considered in that opinion. *Dean* v. *Paterson*, 38 *Vroom* 199.

Among the reasons assigned for reversal in this case is the following:

"Because the Supreme Court decided that there was a benefit accruing to the abutting property owners from the new curbing."

It seems to be a general practice, both in the Supreme Court and this court, to allege a reason similar to this in cases brought up to review the confirmation of assessments by the Circuit Court or Court of Common Pleas. In the case before us the commissioners to assess the benefits were appointed by the Common Pleas. They reported their action to that court. After notice to all parties in interest the report of the commissioners was confirmed. The report of the commissioners as confirmed contained an express statement that the assessments laid had been laid according to the peculiar benefits. The Supreme Court, in its opinion above referred to, has also so found. Such a reason as that above quoted cannot be considered in this court, nor should it be in such a case in the Supreme Court. The action of the Common Pleas in confirming a report after notice and hearing, or opportunity to be heard, is conclusive upon the parties upon all questions of fact. Whether the assessment has or has not been laid according to benefits is a question of fact.

The Supreme Court, in *Van Wagoner* v. *Paterson,* 38 *Vroom* 455, lately said, in a case like this: "The principle upon which the assessment was laid is certified by the commissioners to be according to the peculiar benefits of each lot or parcel of land, and the Circuit Court, after hearing evidence upon that point, including an examination of the commissioners, found that the assessment had been so made. This finding of fact will not be reviewed here. Whether the assessment was laid by the commissioners according to the peculiar benefits received was the very question at issue before the Circuit Court upon the rule to confirm—a question over which that court had jurisdiction and upon which it was required to pass. In such a case the rule is that where the facts are found by a trial judge, and there is evidence to sustain such finding, this court will not review his conclusions thereon." *Van Wagoner* v. *Paterson, supra; City of Elizabeth* v. *Hill,* 10 *Vroom* 555; *Blackford* v. *Plainfield Gaslight Co.,* 14 *Id.* 438, 440; *Brewster* v. *Banta,* 37 *Id.* 367.

This is a correct statement of the rule of law applicable to such cases, and the Supreme Court therefore would have been

justified if it had not considered the question of whether the property of the prosecutor was or was not peculiarly benefited. The Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, VAN SYCKEL, DIXON, GARRISON, FORT, GARRETSON, PITNEY, BOGERT, VREDEN-BURGH, VOORHEES, VROOM.   11.

*For reversal*—None.