WILLIAM G. ESSEN, PROSECUTOR, v. THE COMMON COUNCIL OF THE CITY OF CAPE MAY AND THE CITY OF CAPE MAY.

---

GEORGE F. CONKLIN, PROSECUTOR, v. THE COMMON COUNCIL OF THE CITY OF CAPE MAY AND THE CITY OF CAPE MAY.

Submitted December 5, 1908—Decided February 23, 1909.

1. In order to sustain an assessment for benefits arising out of a street improvement, it must affirmatively appear that the assessment is not in excess of the benefits conferred upon the land.
2. So much of *placitum* 7 of section 2 of "An act to authorize cities to construct sewers and drains and to provide for payment of the cost thereof," approved March 8th, 1882 (*Pamph. L., p.* 60), as forbids the allowance of a *certiorari* to review assessments made under said act after thirty days from the making of the order of the court confirming such assessments, is repealed by chapter 58 of the laws of 1907. *Pamph. L., p.* 109.

---

On *certiorari.*

Before Justices GARRISON, PARKER and VOORHEES.

For the prosecutors, *James M. E. Hildreth.*

For the defendants, *Thomas P. Curley.*

The opinion of the court was delivered by

PARKER, J.   Pursuant to act of March 22d, 1904 (*Pamph. L., p.* 88), concerning the extension of sewers and sewer systems in cities of this state, certain property owners in Cape May City, of whom the prosecutor Essen was one, petitioned the city authorities to construct a sewer in Madison avenue from the disposal plant to Beach avenue, thence along Beach avenue to Baltimore avenue.   The petition was specifically based on the act of 1904, as was also the ordinance passed in compliance with such petition, and which, following section 4 of the act, directed the cost of the work to be "assessed to the adjacent properties to the amount of the benefits conferred upon said properties respectively in accordance with the provisions of the charter of the city of Cape May and existing laws governing such city as to assessments; but no more than two-thirds of the cost shall be assessed to adjacent properties."   This follows with exactness the language of section 4 except as to naming the city.

The sewer was duly constructed, and late in 1907 proceedings to assess the benefits for such construction were taken under the act of 1882 (*Pamph. L., p.* 60), as the "existing law governing such city as to assessments."   Under this act the Circuit Court appointed three commissioners to assess the benefits.   These commissioners duly met and qualified, and after the usual preliminaries made their report to the Circuit Court on March 24th, 1908.   Notice was regularly given of application to confirm the report, and prosecutors appeared in court and objected to their assessments as exceeding the benefits, but the report was confirmed.   The present writs of *certiorari* bring up the assessment and all the preliminary proceedings.   Our examination of these proceedings satisfies us that the assessment is invalid and must be set aside as to prosecutors.   The report, which is the only evidence before us on the point, shows that the assessment is up to the limit set

by the statute, viz., two-thirds the cost of the sewer; that the assessment was laid strictly and uniformly according to frontage, being $4.2952 per foot on each side of Madison avenue, and $8.5904 per foot front, or just double that amount, on Beach avenue which has land available for building on only one side. The frontage method is not objectionable if it appear that the amount fixed thereby was determined on the basis of the peculiar benefit received by each lot. *VanWagoner* v. *Paterson,* 38 *Vroom* 455. And when the parties had notice and an opportunity to be heard, the confirmation of the Circuit Court will not be reversed on a question of fact, when there are facts in the record returned to sustain the finding of the court that the assessment was laid according to the peculiar benefits received from the improvements. *VanWagoner* v. *Paterson, supra; Dean* v. *Paterson,* 39 *Vroom* 664. But no such facts appear in this case. The report of the assessment commissioners contains no statement that the assessments were not in excess of actual benefits received. That this is a fatal defect is entirely settled. *Rosell* v. *Neptune City, Id.* 509, in which many prior cases are cited. The method of ascertaining the total cost and dividing it up proportionately to frontage, without consideration of actual benefits, is merely clerical, and in no sense a performance of the duty of commissioners. *State* v. *City of Hudson,* 3 *Dutcher* 214.

It is objected that the writs of *certiorari* were allowed after the time limit fixed by the act of 1882, which provides that no *certiorari* shall be allowed after the lapse of thirty days from the order of confirmation. The order was made July 2d, and the writs are tested on August 5th, the *allocaturs* not being dated. We regard this provision of the act of 1882 as repealed by *Pamph. L.* 1907, *p.* 109, relative to the writ of *certiorari* which was in force before the proceedings for assessment were begun and which fixes the limitation at sixty days after confirmation and expressly repeals all acts and parts of acts inconsistent therewith.

The assessments will be set aside, with costs.